UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN DEVORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-02487-KJM-AC (PS)<br><br>ORDER |

Before the court is plaintiff's motion for an extension of time to file a Second Amended Complaint. ECF No. 27. Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned by Local Civil Rule 302(c)(21).

On September 13, 2018, plaintiff filed this fee-paid action against numerous federal contractors and federal and state agencies and officials regarding her employment conditions and termination from the California Department of Corrections and Rehabilitation ("CDCR"). ECF No. 1. In November 2018, with the court's permission, plaintiff filed a 65-page First Amended Complaint ("FAC"). ECF Nos. 11, 14. On January 9, 2019, the undersigned adopted a stipulation between plaintiff and the five named CDCR defendants,[1] granting these defendants

---

[1] The FAC named the CDCR and four current or former CDCR officials: Christopher Gates, Lara Saich, Janet Lewis, and Christine Milne.

1

1 | additional time to respond to the FAC because plaintiff indicated that she intended to seek leave
2 | to file a Second Amended Complaint ("SAC") on or about January 10, 2019.  ECF No. 20.  The
3 | stipulation provided that, if the court denied plaintiff's anticipated second motion for leave to
4 | amend, defendants' responsive pleading would be due the next court day following service of the
5 | order denying leave to amend.  Id. at 3.

6 | However, plaintiff has not filed the anticipated second motion for leave to amend, and
7 | instead has repeatedly sought extensions of time to file a SAC while she exhausts her
8 | administrative remedies with the California State Personnel Board ("CSPB").  In March 2019, in
9 | response to an order to show cause, plaintiff informed the court that she was expecting an
10 | administrative ruling from the CSPB on May 6, 2019.  ECF No. 22.  The undersigned discharged
11 | the show-cause order and ordered plaintiff to file any SAC by June 5, 2019.  ECF No. 23.

12 | On May 20, 2019, plaintiff filed a notice of partial voluntary dismissal and motion for an
13 | extension of the June 5, 2019 deadline because she was informed that the CSPB likely would not
14 | rule until August 16, 2019, and she planned to dismiss the action if the CSPB ruled in her favor.
15 | ECF No. 24.  The undersigned granted the extension, making the SAC due on August 19, 2019,
16 | or within seven days of plaintiff's receipt of a final decision by the CSPB, whichever was earlier.
17 | ECF No. 25.

18 | On July 11, 2019, the district court adopted the undersigned's findings and
19 | recommendations dismissing without prejudice all of the federal contractors, agencies, and
20 | officials named as defendants, pursuant to plaintiff's notice of partial voluntary dismissal.  ECF
21 | No. 26.  The order specified that, according to plaintiff's request, the action would proceed
22 | against the State defendants:  the five CDCR defendants mentioned above as well as the
23 | California Occupational Safety and Health Administration ("Cal-OSHA") and Cal-OSHA district
24 | manager Marie Blake.  Id. at 3.  The docket does not indicate whether these defendants have been
25 | served with a summons and a copy of the FAC.  While the CDCR defendants have appeared (in
26 | order to enter the above-mentioned stipulation), the Cal-OSHA defendants have not.
27 | ////
28 | ////

On August 20, 2019, plaintiff filed the instant motion for another extension of the deadline to file her SAC.[2] ECF No. 27. Plaintiff states that in July 2019, she received notice that the CSPB had decided to review her administrative appeal and will hear oral arguments on October 8, 2019. Plaintiff attaches copies of the relevant CSPB notices. Id. at 7-13. Plaintiff requests an extension until after the CSPB has issued its final decision following the October 2019 hearing. Id. at 4.

As the court has previously informed plaintiff (ECF No. 23 at 1), it cannot indefinitely delay this case while waiting for the state administrative process to play out. The FAC has already gone unanswered for nine months. The court is unwilling to wait another two months, at minimum, to move the action forward. Therefore, by September 20, 2019, plaintiff shall file either: (a) a Second Amended Complaint, or (b) a notice stating that she wishes to proceed, for now, on the First Amended Complaint against the remaining State defendants. The court realizes that plaintiff will not have completed the administrative appeals process by this date. However, this order does not preclude plaintiff from seeking leave to amend her complaint following the resolution of her administrative proceedings at a later date.

By September 20, 2019, plaintiff must also file proof of service of process upon the remaining State defendants, or notify the court if she wishes to dismiss any of these defendants.

Within 30 days of the filing of a Second Amended Complaint, or plaintiff's notice of intent to proceed on the First Amended Complaint, any defendants who have been properly served must file their responsive pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 27) is GRANTED in part;
2. No later than September 20, 2019, plaintiff shall file:
   a. Either a Second Amended Complaint, or a notice stating that plaintiff wishes to proceed on her First Amended Complaint (ECF No. 14); and

---

[2] This motion was filed one day after the specified August 19, 2019 deadline, even though plaintiff received notice of the CSPB's action in mid-July. The court advises plaintiff that she must strictly adhere to court-ordered deadlines in the future.

      b. Either proofs of service upon the remaining State defendants, or a notice of dismissal of certain defendants.
3. Within 30 days of the filing of either a Second Amended Complaint, or plaintiff's notice of intent to proceed on the First Amended Complaint, all properly served defendants shall file their responsive pleading(s); and
4. If plaintiff does not file the above documents by September 20, 2019, the court may recommend dismissal of this case pursuant to Local Civil Rule 110.

DATED: August 20, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE